IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DESMOND GARMON, ZELL HATHORNE, LEWIS HOBBY, JR., ULTRA COBBIN, BENNIE REED, RHANAE GREER, SUNSHINE SMITH, ANTWON CHERRY, ADELOA RACAL OLUTAYO and CHARISSE LANGSTON,<br><br>Plaintiffs,<br><br>vs.<br><br>RALPHS GROCERY COMPANY, d/b/a FOOD 4 LESS MIDWEST, and THE KROGER CO.,<br><br>Defendants. | Case No. 1:23-cv-15345<br><br>Hon. Steven C. Seeger |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR RULE 12(b)(6) MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

                Diane Webster #6284225
                Richard E. Daniels #6335759
                GORDON REES SCULLY MANSUKHANI, LLP
                One North Franklin Street, Suite 800
                Chicago, Illinois 60606
                Tel: (312) 565-1400
                dwebster@grsm.com
                rdaniels@grsm.com

                *Counsel for Defendants Ralphs Grocery*
                *Company d/b/a Food 4 Less Midwest and*
                *The Kroger Co.*

**I.     INTRODUCTION AND BRIEF FACTUAL BACKGROUND**

Plaintiffs have filed this action in an attempt to recover for alleged violations of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1 *et seq.* ("BIPA") that occurred while Plaintiffs worked for Food 4 Less stores in Illinois. Pls.' Compl., ECF #1. At the time of filing, the parallel and identical class action case of *Maetean Johnson v. Ralphs Grocery Company d/b/a Food 4 Less Midwest, and The Kroger Co.* (Case No. 1:22-cv-02409) was and is still pending in this district before Judge Alonso. *See* Pls.' Compl., at n.5. Plaintiffs knew that the *Johnson* putative class action was pending, yet decided to seek individual remedies for the same alleged conduct raised by the putative class in *Johnson*. *See* Pls.' Compl., at n.5. The 10 Plaintiffs in this action worked for Food 4 Less stores in Illinois from 2016 to the present. Pls.' Compl., at ¶¶ 12, 13, 43, 49, 55, 59, 66, 73, 78, 84, 89, and 95. The *Johnson* putative class subsumes Plaintiffs and their allegations in the instant matter because the putative class definition in *Johnson* includes all employees who used a timeclock while working at a Food 4 Less store in Illinois from March 25, 2015 to the present. *Johnson* Compl., Ex. 1, at ¶ 61. Therefore, Plaintiffs are putative class members in *Johnson*, the defendants are the same between the two classes, and the allegations are identical. *Compare Johnson* Compl., Ex. 1, *with* Pls.' Compl.

Accordingly, the instant action should be dismissed as duplicative of the *Johnson* action pending before Judge Alonso.

**II.    LEGAL STANDARD**

"[A] district court may dismiss a complaint if it duplicates another federal case, such as when the 'claims, parties, and available relief do not significantly differ between the two actions.'" *Northern v. Stroger*, 676 F. App'x 607, 608 (7th Cir. 2017) (quoting *McReynolds v. Merrill Lynch & Co., Inc.*, 694 F.3d 873, 888-89 (7th Cir. 2012)); *Trippe Mfg. Co. v. Am. Power Conversion*

*Corp.*, 46 F.3d 624, 629 (7th Cir. 1995) (same); *Rizzo v. City of Wheaton, Ill.*, 462 F. App'x 609, 613 (7th Cir. 2011) (same). "The district court has significant latitude on this question." *McReynolds* 694 F.3d at 889; *see also Rodgers v. Dart*, 2012 WL 2115608, at *2 (N.D. Ill. June 11, 2012). "A federal suit may be dismissed for reasons of wise judicial administration, as a general rule, whenever it is duplicative of a parallel action already pending in another federal court." *Ridge Gold Standard Liquors, Inc. v. Joseph E. Seagram & Sons, Inc.*, 572 F. Supp. 1210, 1212–13 (N.D. Ill. 1983) (citing *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976); *Calvert Fire Ins. Co. v. Am. Mut. Reinsurance Co.,* 600 F.2d 1228, 1233 (7th Cir.1979)).

## III. ARGUMENT

### A. The Instant Action is Duplicative of *Johnson*, which is Pending in this District.

The already-pending *Johnson* litigation encompasses the same parties, issues, and seeks the same relief as the instant action. "The irrationality of tolerating duplicative litigation in the federal system is all the more pronounced where, as here, two federal judges sitting on the same district court are devoting scarce judicial resources to the adjudication of the same charges by essentially the same plaintiffs against the same defendants." *Rodgers*, 2012 WL 2115608, at *2 (quoting *Ridge Gold,* 572 F.Supp. at 1213) (internal quotations omitted). A suit is duplicative if the "claims, parties, and available relief do not significantly differ between the two actions." *Id.* (quoting *Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223 (7th Cir. 1993)) (internal quotations omitted).

In *Johnson*, the putative class encompasses Food 4 Less employees in Illinois "who had their fingerprints and/or any other biometric identifier or biometric information collected, captured, received, or otherwise obtained, maintained, stored, or disclosed by Defendants during the applicable statutory period." *Johnson* Compl., Ex. 1, at ¶ 61. *Johnson* seeks recourse for alleged

3

violations of sections 15(a), 15(b), and 15(d) of BIPA in the form of $5,000 for each intentional and/or reckless violation of BIPA, or $1,000 for each negligent violation of BIPA. *Johnson* Compl., Ex. 1, at Counts I, II, and III. The *Johnson* putative class includes allegedly aggrieved Food 4 Less employees from March 25, 2015 to the present.[1]

The instant action is identical to *Johnson*. Plaintiffs here seek recourse for alleged violations of BIPA sections 15(a), 15(b), and 15(d) arising from Plaintiffs' use of the timekeeping systems in place at their Food 4 Less workplaces. Pls.' Compl., at Counts I, II, and III. Plaintiffs allege that Defendants recklessly or intentionally violated BIPA, or alternatively, negligently violated BIPA, and seek statutory damages for such alleged violations. Pls.' Compl., at ¶¶ 126-27, 140-41, and 151-52. Each Plaintiff allegedly worked at a Food 4 Less store in Illinois during the statutory period of *Johnson*. Pls.' Compl., at ¶¶ 12, 13, 43, 49, 55, 59, 66, 73, 78, 84, 89, and 95.

Accordingly, there is no significant difference between the instant action and *Johnson* and litigating both cases simultaneously "not only wastes judicial resources, but also has the potential to lead to inconsistent results." *Rodgers*, 2012 WL 2115608, at *2-3. The instant action should also be dismissed because unless and until the Plaintiffs do opt-out of the potential class in *Johnson*, there is serious risk for double recovery. The law of this Circuit and in Illinois is clear that a plaintiff is not entitled to double recovery. *Sommese v. American Bank & Trust Co., N.A.*, 2017 IL App (1st) 160530, ¶ 21; *Volk v. Coler*, 845 F.2d 1422, 1436 (7th Cir. 1988) ("Volk may not receive two recoveries for the same alleged harm."). If this case is allowed to proceed, Plaintiffs could potentially recover in *Johnson* as well as the instant action.

Even if Plaintiffs here decide to opt-out of the class upon class certification, judgment, or settlement in *Johnson*, that is something they would need to do at a later time. At this juncture,

---

[1] The statute of limitations for a BIPA claim is 5 years. *Tims v. Black Horse Carriers, Inc.*, 2023 IL 127801.

there are no opt-outs as the *Johnson* case remains in the early stages of discovery and no class has been certified. "In any event, this is simply another reason why a class certification ruling logically precedes the possibility of opting out." *Stutz v. Minnesota Min. Mfg. Co.*, 947 F. Supp. 399, 404 (S.D. Ind. 1996). While not binding, the Sixth Circuit Court of Appeals "disfavors allowing a class-action plaintiff to pursue an individual action which is duplicative of the class action." *Groseclose v. Dutton,* 829 F.2d 581 (6th Cir. 1987).[2] In *Townsend v. Vasbinder*, a case decided in the Eastern District of Michigan, the court dismissed the plaintiff's individual claim where an identical class action suit was pending in the same district. 2007 WL 4557715, at *3 (E.D. Mich. Dec. 19, 2007). There, the court held that the class action subsumed the plaintiff's claim, and reasoned that permitting the individual claims "encompassed within the class action would create an inefficient situation, fraught with potential for inconsistency, confusion, and unnecessary expense." *Townsend*, 2007 WL 4557715, at *4 (quoting *Groseclose,* 829 F.2d at 584) (internal quotations omitted). The same result is warranted here, as the *Johnson* action is identical to the instant action, and proceeding with discovery and the merits in both cases at the same time would unnecessarily risk inconsistency, confusion, and expense.

To the extent Plaintiffs argue that the two actions are dissimilar because the instant action contains additional claims of intentional or reckless violations of BIPA, that concern is quelled by the Seventh Circuit's decision in *Serlin v. Arthur Andersen & Co.*:

> Nevertheless, Serlin argues, the complaints are not duplicative because his first complaint contains claims for both intentional and "unintentional" violations of the ADEA, while his second complaint only claims intentional violations. A reading of the complaints, however, discloses that there is no significant difference between

---

[2] While it is neither a published decision nor binding, it should be noted that the Seventh Circuit Court of Appeals in *Reed v. Richards* cited the Sixth Circuit's ruling in *Groseclose* by noting: "Individual suits for injunctive and equitable relief from alleged unconstitutional prison conditions cannot be brought where there is an existing class action." 32 F.3d 570 (7th Cir. 1994) (unpublished) (quoting *McNeil v. Guthrie*, 945 F.2d 1163, 1165 (10th Cir.1991)).

> the claims and that Serlin needed to prove an intentional violation of the ADEA in order to prevail under either complaint.

3 F.3d at 223. The same is true here, where the plaintiffs in both *Johnson* and the instant action would rely on the same facts to attempt to prove an intentional or reckless violation of BIPA. To be sure, the plaintiffs in *Johnson* do allege intentional or reckless violations of BIPA, just as the plaintiffs do here. *See* Ex. 1.

### B. The First-Filed Rule Renders Dismissal of the Instant Action Appropriate.

The first-filed doctrine states that when faced with two identical or nearly identical cases, "the first case should be allowed to proceed and the second should be abated." *Asset Allocation & Mgmt. Co. v. W. Emp'rs Ins. Co.,* 892 F.2d 566, 573 (7th Cir. 1989). The first-filed doctrine does not create a hard and fast rule of chronology, but rather grants district courts discretion by giving courts the "'power, [but] not a duty,' to enjoin a second-filed case." *Research Automation,* 626 F.3d at 980 (quoting *Asset Allocation,* 892 F.2d at 572 (alteration in original)). The doctrine is "premised on the notion that there should not be simultaneous litigation of essentially identical claims in two federal district courts; one of those actions should yield to the other in the interest of judicial economy." *Alchemist Jet Air, LLC v. Century Jets Aviation, LLC,* No. 08 C 5386, 2009 WL 1657570, at *5 n.4 (N.D. Ill. June 12, 2009).

While the first-filed doctrine is often cited in conjunction with dismissals of duplicative actions, courts have dismissed subsequent identical cases as duplicative without reference to the doctrine. *See, e.g., McReynolds*, 694 F.3d at 873 (affirming the dismissal of a case filed by a group of plaintiffs in the Northern District of Illinois that "simply duplicated [earlier] litigation already underway"). Claims "need not be identical to satisfy the 'same issues' requirement of the first-to-file doctrine. Rather, it is sufficient if the issues 'substantial[ly] overlap.'" *Humphrey v. United Healthcare Servs., Inc.*, No. 14 C 1157, 2014 WL 3511498, at *2 (N.D. Ill. July 16, 2014) (quoting

*Preci–Dip, SA v. Tri–Star Elect. Int'l, Inc.,* No. 08 C 4192, 2008 WL 5142401, at *2 (N.D.Ill. Dec. 4, 2008) (internal quotations and citation omitted)).

In the class action context, "the relevant question is whether the class members would be the same in the two actions, not whether the named plaintiffs are the same." *Askin v. Quaker Oats Co.,* 2012 WL 517491, at *4 (N.D. Ill. Feb. 15, 2012) ("True, the named plaintiffs are not the same, but recent cases from this and other districts make clear that the class members are the proper focus of this inquiry.").

Here, *Johnson* was filed first and the class definition would include each of the 10 plaintiffs in this case. The instant action, which is identical, should therefore be dismissed.

**C.  In the Alternative, Defendants Respectfully Request that this Court Stay the Instant Matter Pending the Outcome of *Johnson*.**

Courts in this district have stayed duplicative actions until the first-filed action is resolved. *See, e.g., Applexion S.A., v. The Amalgamated Sugar Co.,* No. 95 C 858, 1995 WL 404843 (N.D.Ill. July 7, 1995) (Conlon, J.) (first-filed rule instructs one case to yield); *Jaffe v. Morgan Stanley DW, Inc.,* No. C06-3903, 2007 WL 163196 (N.D. Cal. Jan. 19, 2007). However, when it is clear that the litigants' interests in the subsequent case cannot be affected by dismissal, dismissal may still be appropriate. *Central States, Southeast and Southwest Areas Pension Fund v. Paramount Liquor Co.*, 203 F.3d 442, 445 (7th Cir. 2000). Here, Defendants request dismissal of the instant action because *American Pipe* preserves the 10 plaintiffs' interests. *Am. Pipe & Const. Co. v. Utah*, 414 U.S. 538 (1974) ("the commencement of the original class suit tolls the running of the statute for all purported members of the class who make timely motions to intervene after the court has found the suit inappropriate for class action status."). As noted above, if the putative class in *Johnson* is certified, the 10 plaintiffs here may opt-out and seek individual recourse. Since that has not happened yet, the 10 plaintiffs' interests are preserved, and dismissal is appropriate.

Notwithstanding the above, should this Court deem dismissal inappropriate, Defendants respectfully request, in the alternative, an order staying the instant matter pending resolution of *Johnson*.

### IV. **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court grant Defendants' Motion to Dismiss.

Date: November 17, 2023                                              Respectfully submitted,

                                                                                                  By:  */s/Diane Webster*

                                                                                                  Diane Webster #6284225
                                                                                                  Richard E. Daniels #6335759
                                                                                                  GORDON REES SCULLY MANSUKHANI, LLP
                                                                                                  One North Franklin Street, Suite 800
                                                                                                  Chicago, Illinois 60606
                                                                                                  Tel: (312) 565-1400
                                                                                                  dwebster@grsm.com
                                                                                                  rdaniels@grsm.com

                                                                                                  *Counsel for Defendants Ralphs Grocery Company d/b/a Food 4 Less Midwest and The Kroger Co.*