IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **DESMOND GARMON, ZELL HATHORNE, LEWIS HOBBY, JR., ULTRA COBBIN, BENNIE REED, RHANAE GREER, SUNSHINE SMITH, ANTWON CHERRY, ADEOLA RACAL OLUTAYO and CHARISSE LANGSTON**,<br><br>Plaintiffs,<br><br>vs.<br><br>**RALPHS GROCERY COMPANY, d/b/a FOOD 4 LESS MIDWEST, and THE KROGER CO.**,<br><br>Defendants. | Case No.: 1:23-cv-15345<br><br>Honorable Steven C. Seeger |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS COMPLAINT OR STAY PROCEEDINGS**

Plaintiffs, DESMOND GARMON, ZELL HATHORNE, LEWIS HOBBY, JR., ULTRA COBBIN, BENNIE REED, RHANAE GREER, SUNSHINE SMITH, ANTWON CHERRY, ADEOLA RACAL OLUTAYO and CHARISSE LANGSTON ("Plaintiffs"), by and through the undersigned Counsel, and in opposition to the Motion to Dismiss filed by the Defendants, RALPHS GROCERY COMPANY, d/b/a FOOD 4 LESS MIDWEST, and THE KROGER CO. ("Defendants") [D.E. 9], state and allege as follows:

**Introduction**

Despite Defendants' attempt to project a facade of established legal precedent through a plethora of cherry-picked quotations referencing twenty-six (26) opinions, including three that are unpublished, this issue remains one of first impression within the Seventh Circuit. Furthermore,

Defendants' argument has been *universally rejected* by our sister jurisdictions, a fact conspicuously missing from their otherwise well-referenced brief.[1]

No court has ever extended the 'first filed' rule to dismiss or stay an individual action simply due to the presence of uncertified class allegations filed by a stranger to the lawsuit. Further, *not a single case* cited by the Defendants is actually on point, as they concern either a certified class action,[2] overlapping class actions,[3] two lawsuits involving the exact same named parties,[4] or class

---

[1] The same erroneous arguments were made by the defendant in *Turner v NCR*, Case No. 23-cv-14709, which is currently pending before the Honorable Sara L. Ellis in this District.

[2] *Rodgers v. Dart*, No. 11-cv-5118, 2012 U.S. Dist. LEXIS 82755 (N.D. Ill. June 11, 2012) (Prior certified class action where the plaintiff admits to being a class-member) (citing *Parish v. Sheriff of Cook Cnty.*, No. 07 4369, 2008 U.S. Dist. LEXIS 87140 (N.D. Ill. Oct. 24, 2008) (granting class certification)); *Groseclose v. Dutton*, 829 F.2d 581 (6th Cir. 1987) (Class action was certified and the court ordered consolidation of the individual lawsuit, not a stay or dismissal); *Townsend v. Vasbinder*, No. 04-CV-74846, 2007 U.S. Dist. LEXIS 93352, at *5 (E.D. Mich. Dec. 19, 2007) (Class was certified under Rule 23(b)(2) authorizing "'mandatory' class actions under which potential class members do not have an automatic right to notice or a right to opt out of the class."); *Reed v. Richards*, No. 93-1190, 1994 U.S. App. LEXIS 14734 (7th Cir. June 13, 1994) (Class action was terminated by an agreed entry for settlement. As an inmate case, Plaintiff presumes it was certified under Rule 23(b)(2) authorizing 'mandatory' class actions with no right to opt. Citation to unpublished cases issued before January 1, 2007 is prohibited under USCS Fed Rules App Proc R 32.1); *McNeil v. Guthrie*, 945 F.2d 1163 (10th Cir. 1991) (Inmate, member of class seeking individual mandamus action).

[3] *McReynolds v. Merrill Lynch & Co.*, 694 F.3d 873, 889 (7th Cir. 2012) (overlapping class actions); *Humphrey v. United Healthcare Servs.*, No. 14 C 1157, 2014 U.S. Dist. LEXIS 96416 (N.D. Ill. July 16, 2014) (Same); *Jaffe v. Morgan Stanley DW, Inc.*, No. C06-3903 TEH, 2007 U.S. Dist. LEXIS 8502 (N.D. Cal. Jan. 19, 2007) (Same); *Ridge Gold Standard Liquors, Inc. v. Joseph E. Seagram & Sons, Inc.*, 572 F. Supp. 1210 (N.D. Ill. 1983) (overlapping class actions and identical named plaintiffs); *See Askin v. Quaker Oats Co.*, No. 11 CV 111, 2012 U.S. Dist. LEXIS 18665 (N.D. Ill. Feb. 15, 2012) (denying dismissal of second class action suit, but granting a stay).

[4] *Northern v. Stroger*, 676 F. App'x 607 (7th Cir. 2017) (Two lawsuits involving the exact same named parties); *Trippe Mfg. Co. v. Am. Power Conversion Corp.*, 46 F.3d 624, 627 (7th Cir. 1995) (Same); *Rizzo v. City of Wheaton*, 462 F. App'x 609, 613 (7th Cir. 2011) (Same) (unpublished); *Calvert Fire Ins. Co. v. Am. Mut. Reinsurance Co.*, 600 F.2d 1228 (7th Cir. 1979) (Same); *Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 224 (7th Cir. 1993) (Same); *Sommese v. Am. Bank & Tr. Co., N.A.*, 2017 IL App (1st) 160530, 417 Ill. Dec. 1, 87 N.E.3d 285 (1st. Dist. 2017) (Same); *Asset Allocation & Mgmt. Co. v. W. Emp'rs Ins. Co.*, 892 F.2d 566 (7th Cir. 1989) (Same); *Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973 (7th Cir. 2010) (Same); *Alchemist Jet Air, LLC v. Century Jets Aviation, LLC*, No. 08 C 5386, 2009 U.S. Dist. LEXIS 49472 (N.D. Ill. June 12, 2009) (Same); *Preci-Dip, SA v. Tri-Star Elecs. Int'l, Inc.*, No. 08 C 4192, 2008 U.S. Dist. LEXIS 98465 (N.D. Ill. Dec. 4, 2008) (Same); *Applexion S.A. v. Amalgamated Sugar Co.*, No. 95 C 858, 1995 U.S. Dist. LEXIS 9350 (N.D. Ill. July 6, 1995) (Same); *Cent. States, Se. & Sw. Areas Pension Fund v. Paramount Liquor Co.*, 203 F.3d 442 (7th Cir. 2000) (Same); *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 802, 96 S. Ct. 1236, 1239 (U.S. 1976) (interpreting the abstention doctrine, aka, *Colorado River*, involving a state and federal proceeding between the exact same

tolling.[5] Therefore, the Defendants' entire brief should be disregarded as irrelevant to the issues at hand.

Our sister courts have unanimously and specifically rejected the Defendants' argument on several compelling grounds. They reason that unnamed parties to a class action are *not* parties to the suit until the class is certified, and that it is untenable for a party to argue against class certification in one proceeding, only to argue in a later proceeding that those same individuals are class members to serve its purposes. A different result would leave the individual litigants in a legal limbo for an indefinite period of time, with no active claim, no one representing their interests, and completely at the mercy of a stranger who is only pursuing its own interests.

This lawsuit stands independently, asserting the Plaintiffs' unequivocal right to pursue singular recourse through a representative of their choosing. Plaintiffs are not named parties in *Maetean Johnson v. Ralphs Grocery Company d/b/a Food 4 Less Midwest, and The Kroger Co.* (Case No. 1:22-cv-02409) ("*Johnson*"), have not participated in *Johnson*, and have no intention or ability to do so. Finally, the Defendants' stated position of record in *Johnson* is to "deny the purported class exists, and deny such class can be certified." *Johnson*, Defs.' Ans. ¶ 59 [D.E. 39]. Yet in the present proceeding, the Defendants claim that "Plaintiffs are putative class members in *Johnson*." Defs.' Mem. Mot. Dis. at 2. [D.E. 10]. The Defendants' inconsistent stance clearly demonstrates its overarching objective: to obstruct the Plaintiffs from accessing the legal remedies to which they are entitled. Accordingly, Defendants' Motion to Dismiss Complaint or Stay should be denied in its entirety.

---

parties); *Volk v. Coler*, 845 F.2d 1422, 1436 (7th Cir. 1988) (prohibiting double recovery for two separate claims filed within the same lawsuit).

[5] *STUTZ v. Minn. MINING Mfg. Co.*, 947 F. Supp. 399, 400 (S.D. Ind. 1996) (individual litigant must wait for the granting of class certification to take advantage of class tolling); *Am. Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 94 S. Ct. 756 (U.S. 1974) (Commencement of class suit tolls the running of the statute for all putative class members).

I. **THIS ACTION IS NOT DUPLICATIVE OF *JOHNSON* AND THE FIRST-FILED RULE DOES NOT APPLY BECAUSE *JOHNSON* IS UNCERTIFIED AND THIS LAWSUIT IS AN INDIVIDUAL ACTION OF NON-PARTIES TO *JOHNSON***

The Defendants are asking this Court to break with its sister courts, and to stand alone in finding that an individual litigant should be barred from pursuing recovery due to a non-party's uncertified class action. However, this matter and *Johnson* are nothing more than two distinct lawsuits brought by strangers against the same Defendants, and they should be treated that way. While this is a matter of first impression in the Seventh Circuit, our sister jurisdictions that have addressed the issue have consistently and unanimously found that the 'first filed' rule does not apply. *Feggins v. LVNV Funding LLC (In re Feggins)*, Nos. 13-11319-WRS, 14-1049-WRS, 2014 Bankr. LEXIS 5040, at *10 (Bankr. M.D. Ala., 2014) ("Where a class is not certified, the first-filed rule does not operate to stay a subsequently filed civil action by an individual who is not a named party in the earlier filed civil action."); *Swetra v. DirecTV, LLC*, No. 15-8761 (RBK/AMD), 2016 U.S. Dist. LEXIS 104695 (D.N.J., 2016); *Martin v. Medicredit, Inc.*, No. 4:16 CV 01138 ERW, 2016 U.S. Dist. LEXIS 157690 (E.D. Mo. Nov. 15, 2016).

In *Feggins*, the defendant sought to invoke the first-filed rule to dismiss or stay a plaintiff's individual lawsuit that was filed after another party's uncertified class action against the same defendant. The court rejected the defendant's argument for a stay or dismissal, reasoning that the individual plaintiff is "not a party to the suit," because "putative class members are not parties unless and until a class is certified." *Feggins*, 2014 Bankr. LEXIS 5040, at *6 ("Just as one may not get off the bus until one has first gotten on, one may not opt out of a class until it is first certified."). The court further explained that two cases are duplicative "if and only if, a class is certified." *Id.* at 8-9 (defendant "therefore assumes for purposes of its motion here that a class will be certified, yet in Brock it is actively opposing class certification. LVNV cannot have it both ways. As it is opposing

class certification in Brock, it cannot properly take a position premised on the assumption that a class will be certified in Brock. . . . Such machinations are disingenuous.").

In *Swetra,* the defendant filed a motion to dismiss, stay, or to transfer an individual lawsuit for purposes of consolidation with a previously filed uncertified class action. The court rejected the exact arguments raised by the Defendant in this case, as well as the additional request for transfer and consolidation. In so doing, the court noted the lawsuit at hand was an individual case and the "cases discussed by Defendant all deal with overlapping proposed class actions." *Id*. at *15. The court further reasoned that the first-filed rule did not apply due to the inconsistent positions being taken by the defendant in the class action and in the second filed individual lawsuit. *Id.* ("Defendant first represented to another judge that a class action is 'unworkable,' . . . [and] has now come before this Court and argued that Plaintiff is part of the same proposed class requiring that this Court must take away Plaintiff's ability to litigate individually at this time."). The court specifically distinguished *Moore v. Morgan Stanley & Co.*, Civil Action No. 07 C 5606, 2007 U.S. Dist. LEXIS 90567 (N.D. Ill. Dec. 6, 2007), "on two points. First, *Moore* involved a proposed class action as the second-filed action. Plaintiff here brings an individual complaint. Second, the defendant in *Moore* agreed that there was a class in the first-filed action. Here, Defendant has vehemently opposed class certification." *Id.* at *8-9.

In *Martin*, after finding two lawsuits were not duplicative, the court explained that there were "additional reasons to exercise our discretion to decline to apply the 'first-to-file' rule," namely, that "the putative class has not yet been certified," and that at the time the Motion to Stay was filed, the plaintiff in the class action "had not yet even filed its motion for class certification." *Martin*, 2016 U.S. Dist. LEXIS 157690, at *14. The court further reasoned that the plaintiff had "taken inconsistent positions regarding the viability of the proposed class certification." *Id.* at 15.

5

Here, in the *Johnson* court record, the Defendants persistently "deny that Plaintiff's claims meet the requirements for class certification," and "deny that a class exists and that a class can be certified." *See Johnson*, Defs.' Ans. ¶¶ 61 – 70 [D.E. 39]. Although the parties in *Johnson* may have engaged in some discovery, no attempt has been made to certify the class. Thus, any assertion that the Plaintiff is a member of the *Johnson* class is purely speculative and it may remain so indefinitely; if and when that occurs, the Plaintiffs will exclude themselves because they are already pursuing this action.[6]

The right of access to the courts is a fundamental aspect of due process, ensuring that all parties have the opportunity to present their case and seek judicial redress. The right to control the course of one's own litigation is an extension of this right. This fundamental right should not be subject to the whims of a stranger to this lawsuit who has made no attempt to represent the Plaintiffs' interests and may never do so. Furthermore, the Defendant has denied in *Johnson*, at least 10 times, that a class can ever be certified. Thus, its present Motion is nothing more than a transparent attempt to deny the Plaintiffs a remedy in any court. Unlike the cases cited by the Defendants, these cases are exactly on point. The Court should rule in accord with its sister jurisdictions, not carve a new path as the lone minority position, as the Defendants are requesting. Accordingly, the Defendants' Motion to Dismiss or Stay should be denied in its entirety.

## II. EVEN IF *JOHNSON* WAS CERTIFIED, A DISMISSAL OR A STAY IS NOT WARRANTED

Assuming, *arguendo*, that *Johnson* was certified, a dismissal or a stay would not be the appropriate remedy, but rather, consolidation. *Miller Brewing Co. v. Meal Co.*, 177 F.R.D. 642,

---

[6] It is well-settled that due process principles mandate class members be given notice of their memberships in a class and the opportunity to exclude themselves in order to pursue their own individual remedies. FRCP 23(c) (notice to class members must state, e.g., "that the court will exclude from the class any member who requests exclusion").

644-45 (E.D. Wis. 1998) ("when both cases are pending in the same district -- let alone with the same judge -- consolidation is preferable.") (citing *Northwest Airlines, Inc. v. American Airlines, Inc.*, 989 F.2d 1002, 1006 (8th Cir. 1993); Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2384, § 1418). Even when two lawsuits are found to be duplicative, "dismissal of the later-filed action is rarely the appropriate remedy. . . outright dismissal is most likely to be appropriate when . . . the same party has filed all of the suits, or where the second suit is harassing or vexatious." *Askin*, 2012 U.S. Dist. LEXIS 18665, at *17-18 (N.D. Ill. Feb. 15, 2012) (citations and quotations omitted).

For example, in *Hecker v. Petco Animal Supplies, Inc.*, No. 16 C 10857, 2017 U.S. Dist. LEXIS 87016 (N.D. Ill. June 7, 2017), plaintiff was represented by the same counsel in the conditionally certified first-filed class action as in the second-filed class action. The defendant moved to dismiss, stay or transfer the second-filed class action for purposes of consolidation. The court held "that the first-to-file rule does not provide a basis for dismissal, but that transfer is appropriate." *Id.* at 3; *Id.* at 9 ("because Hecker is not a named plaintiff in *Kellgren*, his claims do not duplicate those in *Kellgren*, and the two suits were filed in different districts, the Court denies Defendants' motion to dismiss this case on the basis of the first-to-file rule. The Court will, however, entertain Defendants' request to transfer the case."). Similarly, in *Groseclose v. Dutton*, 829 F.2d 581 (6th Cir. 1987), one of the cases cited by the Defendants, the first-class action was certified, and the court ordered consolidation of a subsequently filed individual lawsuit. *Id.* at 583. It did not order a stay or a dismissal as the Defendants are seeking here. To be clear, the Plaintiffs are not seeking consolidation and dispute that the first-filed rule even applies; however, if it does, a dismissal or a stay is **not** the appropriate remedy.

### III. THE PLAINTIFFS HEREBY OPT-OUT TO THE EXTENT THEY MAY BE INCLUDED IN ANY CLASS SETTLEMENT THAT IS APPROVED IN *JOHNSON*

The parties in *Johnson* have recently informed the court that they have reached a settlement and are in the process of preparing a motion for preliminary approval, as was recognized by the docket entry dated November 29, 2023. *Johnson*, [D.E. 59]. While Plaintiffs may not be able to opt-out of a class that is not yet certified, the Plaintiffs can certainly enter a binding stipulation that they will not participate in the class in the event that a class is eventually certified. Such an Order would have a preclusive effect upon the Plaintiffs' participation in any hypothetical future class. Accordingly, Plaintiffs hereby stipulate that they will not participate in *Johnson* in the event that a settlement is approved and will immediately opt-out, once opt-out information is provided.

### CONCLUSION

This litigation is distinct and should remain so, concomitant with the Plaintiffs' unambiguous right to seek individual redress via a representative of their own choosing. The fact that an unrelated party has filed a comparable lawsuit that contains uncertified class allegations does not justify the dismissal or delay of this present action. Defendants' motion should therefore be denied in its entirety.

Dated: December 18, 2023 　　　　　　　*Respectfully submitted*,

DESMOND GARMON, ZELL HATHORNE, LEWIS HOBBY, JR., ULTRA COBBIN, BENNIE REED, RHANAE GREER, SUNSHINE SMITH, ANTWON CHERRY, ADEOLA RACAL OLUTAYO and CHARISSE LANGSTON

*/s/ Samuel L. Eirinberg*

Samuel L. Eirinberg
Adam J. Feuer
Majdi Hijazin
DJC Law, PLLC
140 S. Dearborn Street, Suite 1610
Chicago, Illinois 60603
(872) 804-3400
sam@teamjustice.com
adam@teamjustice.com
majdi@teamjustice.com

Nick Wooten
DJC Law, PLLC
1012 West Anderson Lane
Austin, Texas  78757
(512) 220-1800
nick@teamjustice.com

*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I certify that on December 18, 2023, the foregoing **PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS COMPLAINT OR STAY PROCEEDINGS** was served via the Court's CM/ECF system to all counsel of record.

*/s/ Samuel L. Eirinberg*
Samuel L. Eirinberg