**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **DESMOND GARMON, ZELL HATHORNE,** ) <br> **LEWIS HOBBY, JR., ULTRA COBBIN,** ) <br> **BENNIE REED, RHANAE GREER, SUNSHINE** ) <br> **SMITH, ANTWON CHERRY, ADELOA** ) <br> **RACAL OLUTAYO and CHARISSE** ) <br> **LANGSTON,** ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> **RALPHS GROCERY COMPANY, d/b/a FOOD 4** ) <br> **LESS MIDWEST, and THE KROGER CO.,** ) <br> ) <br> Defendants. ) | **Case No. 1:23-cv-15345** <br><br> **Hon. Steven C. Seeger** |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR RULE 12(b)(6)**
**MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

Diane Webster #6284225
Richard E. Daniels #6335759
GORDON REES SCULLY MANSUKHANI, LLP
One North Franklin Street, Suite 800
Chicago, Illinois 60606
Tel: (312) 565-1400
dwebster@grsm.com
rdaniels@grsm.com

*Counsel for Defendants Ralphs Grocery*
*Company d/b/a Food 4 Less Midwest and*
*The Kroger Co.*

# I.     ARGUMENT

## A.     This Court should dismiss or stay the instant action because it is duplicative of a pending action in this same district.

Dismissing or staying the instant action are both appropriate remedies that would further this Court's "inherent power to administer their dockets so as to conserve scarce judicial resources." *Trippe Mfg. Co. v. Am. Power Conversion Corp.*, 46 F.3d 624, 629 (7th Cir. 1995). "[A] primary purpose of class actions [is] the efficiency and economy of litigation by avoiding duplicative suits." *Chemco, Inc. v. Stone, McGuire & Benjamin*, No. 91 C 5041, 1992 WL 188417, at *2 (N.D. Ill. July 29, 1992). Our current situation illustrates "the problem of a needless multiplicity of suits that *American Pipe* and *Crown, Cork & Seal Co.* strove to avoid." *Id.* (citing *Am. Pipe & Const. Co. v. Utah*, 414 U.S. 538 (1974); *Crown, Cork & Seal Co., Inc. v. Parker*, 462 U.S. 345 (1983)). Furthermore, duplicative actions are disfavored, especially where the two actions are pending in the same district.[1]

Plaintiffs make little attempt to show how this case is any different from *Maetean Johnson v. Ralphs Grocery Company d/b/a Food 4 Less Midwest, and The Kroger Co.* (Case No. 1:22-cv-02409), which is pending before Judge Alonso. Plaintiffs only assert that the putative class in *Johnson* has not been certified, and that the current action is an individual action. *See* Resp. at p. 4. There are no other identifiable differences. But recently, as Plaintiffs correctly identified, Defendants reached a settlement agreement with the *Johnson* class; class certification is therefore not contested and impending. Thus, even the cases Plaintiffs rely on, which are factually distinguishable and non-binding, support abating the current action. *See, e.g., In re Feggins*, 2014

---

[1] "The irrationality of tolerating duplicative litigation in the federal system is all the more pronounced where, as here, two federal judges sitting on the same district court are devoting scarce judicial resources to the adjudication of the same charges by essentially the same plaintiffs against the same defendants." *Rodgers v. Dart*, No. 11-CV-5118, 2012 WL 2115608, at *2 (N.D. Ill. June 11, 2012) (internal quotations omitted) (quoting *Ridge Gold Standard Liquors, Inc. v. Joseph E. Seagram & Sons, Inc.*, 572 F. Supp. 1210, 1212–13 (N.D. Ill. 1983)).

WL 7185376 (Bankr. M.D. Ala. Dec. 16, 2014) (first-filed rule applies "if and only if, a class is certified").[2] Plaintiffs erroneously assert that our sister jurisdictions have "*universally rejected*" Defendants' argument. Resp. at p. 2 (emphasis in original). In doing so, Plaintiffs point to no Circuit Court decision on point, and brush off the Sixth Circuit's well-reasoned decision in *Groseclose v. Dutton,* 829 F.2d 581 (6th Cir. 1987). There are no other differences between the instant case and *Johnson*, and therefore dismissing or staying this case is appropriate.

Additionally, Plaintiffs argue that they would be stripped of their access to the courts if this case was dismissed. Not so. Not only are Plaintiffs here part of the class in *Johnson*, but as discussed in Defendants' opening brief, Plaintiffs' claims are tolled during the pendency of *Johnson*, and they would be able to opt-out of the settlement in that case if they feel that class counsel or the class representative did not adequately represent their rights. However, Plaintiffs must follow the opt-out procedure of the *Johnson* settlement, and their attempt to opt-out now should be disregarded. There are specific procedures that will commence in *Johnson*, and as of the date of this brief, the class has not yet received notice of what they will receive as part of the settlement, so Plaintiffs are unaware of what they are trying to opt-out of. It is possible that Plaintiffs will accept the relief afforded to them in *Johnson* and decide to not opt-out, rendering this case moot.

Accordingly, dismissal or stay of the instant matter is appropriate.

---

[2] *Feggins*, an adversary proceeding in the Middle District of Alabama Bankruptcy Court, applied a different standard than what is followed in the Seventh Circuit. In the Seventh Circuit, "courts routinely look to the similarities of the proposed classes even when the court has not yet ruled on the certification question," whereas *Feggins* found that only a certified class can be considered. *Askin v. Quaker Oats Co.*, No. 11-cv-111, 2012 WL 517491, at *3 (N.D. Ill. Feb. 15, 2012). The other cases Plaintiffs cite are also inapposite. In *Swetra v. Directv, LLC*, the court noted that the "first-filed rule may be applicable" if not for the noted factual differences between the two cases. 2016 WL 4208440, at *3 (D.N.J. Aug. 9, 2016). The court in *Martin v. Medicredit, Inc.* similarly found several substantive differences between the two putative classes, issues and claims that did not overlap, and a lack of identity among the defendants. 2016 WL 6696068, at *4-5 (E.D. Mo. Nov. 15, 2016). Those differences do not exist here and none have been identified by Plaintiffs.

**B.      Dismissal is appropriate because this action needlessly enlarges the federal dockets.**

In the Seventh Circuit, dismissal is appropriate where the second suit is vexatious or an abuse of process. *Askin v. Quaker Oats Co.*, No. 11 CV 111, 2012 WL 517491, at *5 (N.D. Ill. Feb. 15, 2012); *Asset Allocation & Mgmt. Co. v. W. Emps. Ins. Co.*, 892 F.2d 566, 571 (7th Cir. 1989) ("we note that if the second suit is harassing—vexatious—an abuse of process, the proper disposition is neither a stay nor a dismissal without prejudice; it is dismissal with prejudice…"). The undersigned's preliminary research has revealed that Plaintiffs' counsel have filed at least four other multiplicative individual suits on behalf of putative class members in already-pending lawsuits. *See, e.g., Wendy Turner et al. v. NCR Voyix Corporation (f/k/a NCR Corporation)*, Case No. 1:23-cv-14709 (N.D. Ill.) (individual complaint filed November 1, 2023, which is duplicative of *Michelle Johnson et al. v. NCR Corporation*, Case No. 22-cv-03061 (N.D. Ill.), a class action filed June 10, 2022); *Leon Taylor et al. v. J & J Foods Sales Corp.*, Case No. 1:23-cv-16519 (N.D. Ill.) (individual complaint filed December 5, 2023, which is duplicative of *Reginald Nunn et al. v. J & J Snack Foods Online Sales Corp.*, Circuit Court Cook County, 2023-CH-08551, a class action complaint filed October 3, 2023); *Mohr v. Enterprise Holdings, Inc. et al.*, Case No. 23-cv-01874 (N.D. Ill) (individual complaint filed March 24, 2023 which is duplicative of *Wordlaw v. Enterprise Holdings, Inc. et al.*, Case No. 20-cv-03200 (N.D. Ill), a class action removed to federal court on May 29, 2020); *Rowe v. Papa Johns Int'l, Inc.*, Case No. 23-cv-02082 (N.D. Ill.) (individual complaint filed April 3, 2023, which is duplicative of *Kyles v. Hoosier Papa LLC and Papa John's International, Inc.*, No. 1:20-cv-07146 (N.D. Ill.), a class action filed on December 3, 2020).[3]

---

[3] The issue of duplicative litigation is similarly being briefed in *Rowe v. Papa Johns Int'l, Inc.*, Case No. 23-cv-02082 (N.D. Ill.) before this Court, as well as in *Wendy Turner et al. v. NCR Voyix Corporation (f/k/a NCR Corporation)*, Case No. 1:23-cv-14709 (N.D. Ill.) before Judge Ellis.

The instant case is one of at least five recent lawsuits that Plaintiffs' counsel has filed where there is an already-pending class action between the same parties. This is seemingly an abuse of the federal dockets to litigate the same claims and issues between the same parties. The practice of lobbying putative members of ongoing class action lawsuits and filing duplicative suits should not be encouraged due to the inevitable wasting of time and judicial resources.

Therefore, this Court should dismiss Plaintiffs' Complaint, with prejudice.

## II.    **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court dismiss or, alternatively, stay the instant action.

Date: January 9, 2024                      Respectfully submitted,


By:  */s/Diane Webster*
_____

Diane Webster #6284225
Richard E. Daniels #6335759
GORDON REES SCULLY MANSUKHANI, LLP
One North Franklin Street, Suite 800
Chicago, Illinois 60606
Tel: (312) 565-1400
dwebster@grsm.com
rdaniels@grsm.com

*Counsel for Defendants Ralphs Grocery Company d/b/a Food 4 Less Midwest and The Kroger Co.*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned attorney certifies that on January 9, 2024, **DEFENDANTS' REPLY IN SUPPORT OF THEIR RULE 12(b)(6)** was served on all counsel of record by the Court's CM/ECF system.

*/s/ Diane E. Webster*