## UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| DESMOND GARMON, ZELL HATHORNE, LEWIS HOBBY, JR., ULTRA COBBIN, BENNIE REED, RHANAE GREER, SUNSHINE SMITH, ANTWON CHERRY, ADEOLA RACAL OLUTAYO and CHARISSE LANGSTON, | Case No.: 1:23-cv-15345 |
| Plaintiffs, | Honorable Steven C. Seeger |
| vs. | |
| RALPHS GROCERY COMPANY, d/b/a FOOD 4 LESS MIDWEST, and THE KROGER CO., | |
| Defendants. | |

### JOINT INITIAL STATUS REPORT UNDER RULE 26(f)

The parties have conferred as required by Rule 26(f), and jointly submit the following discovery plan. *See* Fed. R. Civ. P. 26(f)(2); Fed. R. Civ. P. 26(f)(3); Fed. R. Civ. P. 16(b). The parties understand that the Court will enter a scheduling order under Rule 16(b)(1), and that the Court will modify any such schedule "only for good cause." *See* Fed. R. Civ. P. 16(b)(4).

## I.    Nature of the Case

A.    Identify the attorneys of record for each party. Note the lead trial attorney and any local counsel.

| *Counsel for Plaintiffs* | *Counsel for Defendants* |
|---|---|
| Majdi Hijazin, *Local Counsel* | Diane Webster, *Local/Lead Trial Counsel* |
| Adam J. Feuer, *Local Counsel* | Richard E. Daniels |
| Samuel L. Eirinberg | GORDON REES SCULLY MANSUKHANI, LLP |
| DC LAW, PLLC | One North Franklin Street, Suite 800 |
| 140 S. Dearborn Street, Suite 1610 | Chicago, Illinois 60606 |
| Chicago, Illinois 60603 | (312) 565-1400 |
| (872) 804-3400 | dwebster@grsm.com |
| majdi@teamjustice.com | rdaniels@grsm.com |
| adam@teamjustice.com | |
| sam@teamjustice.com | |

Nick Wooten, *Lead Trial Counsel*
DC LAW, PLLC
1012 West Anderson Lane
Austin, Texas 78757
(512) 220-1800
nick@teamjustice.com

B.      State the basis for federal jurisdiction.

>   Plaintiffs allege as follows: This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) as the matter in controversy exceeds $75,000.00 exclusive of punitive damages, and/or interest and costs, and is between citizens of different States.

>   Each Plaintiff is a citizen of Illinois.

>   Defendant Ralphs Grocery Company, d/b/a Food 4 Less Midwest, is an Ohio corporation with its principal place of business at 1100 W. Artesia Blvd., Compton, California 90220.

>   Defendant The Kroger Co. is an Ohio corporation with its principal place of business at 1014 Vine Street, Cincinnati, Ohio 45202.

C.      Provide a short overview of the case in plain English (five sentences or less).

>   Plaintiffs filed suit to recover statutory damages arising out of the Defendants' alleged violations of §§15(a), 15(b), & 15(d) of the Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1, *et seq*. (2008).

D.      Describe the claims asserted in the complaint and the counterclaims and/or third-party claims and/or affirmative defenses.

>   The complaint alleges that Defendants (1) violated §15(a) of the BIPA for Defendants' failure to institute, maintain, and adhere to publicly available retention schedule; (b) violated §15(b) of the BIPA for Defendants' failure to obtain informed written consent from Plaintiffs before acquiring their biometric data; and (3) violated §15(d) of the BIPA for Defendants' disclosure of Plaintiffs' biometric identifiers or biometric information without obtaining consent for that disclosure.

>   Defendant has moved to dismiss Plaintiffs' complaint as duplicative of *Johnson*, which is pending in this District and the first-filed rule renders dismissal of the instant action. In the alternative, Defendants request that the instant matter be stayed pending the outcome of *Johnson*.

E.      What are the principal factual issues?

Whether the Defendants violated BIPA and whether any BIPA violations occurred as to Plaintiffs at a Food 4 Less store in Illinois within the applicable statute of limitations. If yes, the proper measure of damages for the violations of BIPA.

F.      What are the principal legal issues?

Whether the Defendants violated BIPA and whether The Kroger Co. is a proper Defendant. Additionally, whether this case can proceed despite the pendency of *Johnson v. Ralphs Grocery Company d/b/a Food 4 Less Midwest, et al.* (Case No. 1:22-cv-02409) pending in the United States District Court for the Northern District of Illinois.

G.      What relief are the plaintiffs seeking?

Plaintiffs each seek statutory liquidated damages of $1,000 up to $5,000 for each and every violation of BIPA by Defendant. Plaintiffs contend that hundreds or thousands of violations of BIPA occurred during the actionable time-period. Plaintiffs also seek attorneys' fees and costs associated with the prosecution of this action.

H.      Have all of the defendants been served, or waived service of process?

All Defendants have been served.

## II.      **Discovery**

A.      Propose a discovery schedule. Include the following deadlines: (1) the mandatory initial discovery responses; (2) any amendment to the pleadings to add new claims, or new parties; (3) service of process on any "John Doe" defendants; (4) the completion of fact discovery; (5) the disclosure of Plaintiffs' expert report(s); (6) the deposition of Plaintiffs' expert; (7) the disclosure of defendant's expert(s); (8) the deposition of defendant's expert; and (9) dispositive motions. ***Fill in the blanks, below.***

Also, submit a Word version of the proposed scheduling order to Judge Seeger's proposed order inbox, Proposed_Order_Seeger@ilnd.uscourts.gov. The template is available on the Court's webpage.

| Event | Deadline[1] |
|---|---|
| Amendment to the pleadings | **Plaintiffs' Position:** March 29, 2024<br>**Defendants' Position:** May 31, 2024 |
| Service of process on any "John Does" | Not Applicable |

---

[1] Defendants request that the Court allow briefing and ruling on their pending Motion to Dismiss before any discovery takes place, including initial disclosures.

| Completion of Fact Discovery | **Plaintiffs' Position:** May 31, 2024<br>**Defendants' Position:** July 31, 2024 |
|---|---|
| Disclosure of Plaintiffs' Expert Report(s) | **Plaintiffs' Position:** June 28, 2024<br>**Defendants' Position:** August 30, 2024 |
| Deposition of Plaintiffs' Expert | **Plaintiffs' Position:** July 26, 2024<br>**Defendants' Position:** September 20, 2024 |
| Disclosure of Defendants' Expert Report(s) | **Plaintiffs' Position:** June 28, 2024<br>**Defendants' Position:** September 30, 2024 |
| Deposition of Defendants' Expert | **Plaintiffs' Position:** July 26, 2024<br>**Defendants' Position:** October 31, 2024 |
| Dispositive Motions | **Plaintiffs' Position:** October 25, 2024<br>**Defendants' Position:** December 1, 2024 |

B.     How many depositions do the parties expect to take?

Plaintiffs expect to take 20 depositions.

Defendants expect to take 20 depositions.

C.     Do the parties foresee any special issues during discovery?

Discovery will likely include electronic discovery produced by Defendants and vendors providing services related to the use of biometrics by the Defendants. Plaintiffs anticipate discovery with regard to each Plaintiffs' employment with Defendants including, Plaintiffs' application, any disclosures and consents, attendance record, and documentation of fingerprint scans.

The parties agree to the entry of Form LR 26.2 Model Confidentiality Order with Alternative B to Paragraph 4 selected in this case.

D.     Rule 26(f)(2) requires the parties to propose a discovery plan. *See* Fed. R. Civ. P. 26(f)(2). Rule 26(f)(3), in turn, provides that a "discovery plan must state the parties' views and proposals" on six different topics. *See* Fed. R. Civ. P. 26(f)(3). Have the parties discussed a discovery plan –including all of the topics – as required by Rule 26(f)(3)? If so, do the parties propose anything?

The parties had a discovery conference on January 9, 2024, and discussed the six different topics outlined in Rule 26(f)(3). The parties propose the following:

(A) what changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made:

**Plaintiffs' Position:** In initial disclosures, the Defendants should be required to disclose the identity, including the address, principal contact, and principal phone number of any vendor who provided equipment or services related to the use of biometric time-keeping devices and services. The Defendants should

also be required to produce any sales, marketing, operational, or technical materials from any of these vendors describing how the vendor's equipment and services work. The Defendants should be required to produce complete employee records on all plaintiffs including all records related to each time the plaintiffs used a time-keeping device that required biometric information. This information would ameliorate the need for extensive written discovery.

With respect to expert disclosures, Plaintiffs do not currently anticipate utilizing experts. Plaintiffs would request the right to waive their expert disclosures and have the Defendants' time for expert disclosures advanced accordingly. If Defendants do retain experts, then the Plaintiffs request the Court provide time for Plaintiffs to retain and disclose rebuttal experts if needed.

**Defendants' Position:** Defendants request that the Court allow briefing and ruling on their pending Motion to Dismiss before any discovery takes place, including initial disclosures. In their initial disclosures, Plaintiffs should be required to disclose any and all documents they received from Defendants during their employment at Food 4 Less, any and all communications with other former or current Food 4 Less employees.

With respect to expert disclosures, Defendants reserve their right to retain experts should the need arise through discovery.

(B) the subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues:

**Plaintiffs' Position:** The Plaintiffs believe that discovery is needed on the equipment and services used by the Defendants that utilized the Plaintiffs biometric information. This includes discovering how data and information flowed between the Defendants and any vendors as well as how data was stored, maintained, and accessed after its capture. This is necessary to determine the total numbers of violations of BIPA. The Plaintiffs believe that discovery should be focused on the efficient capture of this information as quickly as possible. This data, along with the Defendants records regarding the Plaintiffs' use of biometric time-keeping devices, should provide an accurate picture of the total number of violations of BIPA.

**Defendants' Position:** Defendants believe that discovery is needed on Plaintiffs' consent and knowledge of the timekeeping procedures allegedly used during their employment at Food 4 Less stores in Illinois. Discovery is also needed on Plaintiffs' dates of employment, their respective roles, positions, and duties, as well as their membership in any unions during their employment at Food 4 Less stores in Illinois.

(C) any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced:

**Plaintiffs' Position:** Plaintiffs believe the Defendants must maintain all their ESI related to the underlying issues in this case. Since the Defendants have already been involved in a class action over violations of BIPA, it seems the Defendants have been on notice and a litigation hold would have been proper on all relevant data since at least the institution of the class action that Defendants recently agreed to resolve.

(D) any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502:

**Plaintiffs' Position:** Plaintiffs' counsel believes in the use of Rule 502 orders to preserve legitimate privilege and work-product protections. In fact, Plaintiffs' counsel routinely agrees to Rule 502 orders in which Plaintiffs' counsel waives the right to claim inadvertent or voluntary disclosure is grounds for finding waiver of privilege or work-product protections. Rather, Plaintiffs' counsel prefers any challenges to be based on the merits after analysis of the documents at issue.

(E) what changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed; and

**Plaintiffs' Position:** It seems likely the parties may need more than ten depositions per side and the scheduling order should be adjusted accordingly.

(F) any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c).

**Plaintiffs' Position:** Plaintiff believes this genre of litigation, i.e., BIPA claims over per scan damages are particularly amenable to rocket docket treatment with the Court's supervision and cooperation. Plaintiff believes that a case of this nature could be made ready for trial in 90-120 days subject to the Court's availability.

**Defendants' Position:** There are ten individual plaintiffs in this case, all of whom will need to answer written discovery and sit for a deposition. In addition, the information Plaintiffs will likely seek in discovery will take significant time to gather and authenticate. Defendants do not believe 90-120 days is a realistic timeline for trial, especially in light of the dates proposed by the parties in the proposed scheduling order.

The Parties have made proposals regarding the discovery plan that are contained in the proposed scheduling order provided to the Court.

### III. <u>Trial</u>

    A.    Have any of the parties demanded a jury trial? Plaintiffs have demanded a jury trial.

    B.    Estimate the length of trial: 3 days.

### IV. <u>Settlement, Referrals, and Consent</u>

    A.    Have any settlement discussions taken place? If so, what is the status? Has the plaintiff made a written settlement demand? And if so, did the defendant respond in writing? (Do <u>not</u> provide any particulars of any demands or offers that have been made.)

        Plaintiffs have not yet made a demand. Defendants have promised to consider and respond to any demand received in a timely manner.

    B.    Do the parties request a settlement conference at this time before this Court or the Magistrate Judge?

        The parties do not request a settlement conference at this time, but may request one in the future.

    C.    Have counsel informed their respective clients about the possibility of proceeding before the assigned Magistrate Judge for all purposes, including trial and entry of final judgment? Do all parties <u>unanimously consent</u> to that procedure? The Court strongly encourages parties to consent to the jurisdiction of the Magistrate Judge.

        Counsel for the parties do not consent unanimously that the case can proceed before a Magistrate Judge.

### V. <u>Other</u>

    A.    Is there anything else that the Plaintiffs want the Court to know? (Please be brief.)

    B.    Is there anything else that the Defendant wants the Court to know? (Please be brief.)

Dated:  January 9, 2024

**DESMOND GARMON, ZELL
HATHORNE, LEWIS HOBBY, JR.,
ULTRA COBBIN, BENNIE REED,
RHANAE GREER, SUNSHINE
SMITH, ANTWON CHERRY,
ADEOLA RACAL OLUTAYO and
CHARISSE LANGSTON**

*Respectfully submitted,*

**RALPHS GROCERY COMPANY, d/b/a
FOOD 4 LESS MIDWEST, and THE
KROGER CO.**

/s/ Nick Wooten

/s/ Diane Webster

Nick Wooten, *Lead Trial Counsel*
DC LAW, PLLC
1012 West Anderson Lane
Austin, Texas 78757
(512) 220-1800
nick@teamjustice.com

Diane Webster, *Lead Trial Counsel*
Richard E. Daniels
GORDON REES SCULLY MANSUKHANI, LLP
One North Franklin Street, Suite 800
Chicago, Illinois 60606
(312) 565-1400
dwebster@grsm.com
rdaniels@grsm.com

Majdi Hijazin
Adam J. Feuer
Samuel L. Eirinberg
DC LAW, PLLC
140 S. Dearborn Street, Suite 1610
Chicago, Illinois 60603
(872) 804-3400
majdi@teamjustice.com
adam@teamjustice.com
sam@teamjustice.com

*Counsel for Defendants*

*Counsel for Plaintiffs*