**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **DESMOND GARMON, ZELL HATHORNE, LEWIS HOBBY, JR., ULTRA COBBIN, BENNIE REED, RHANAE GREER, SUNSHINE SMITH, ANTWON CHERRY, ADELOA RACAL OLUTAYO and CHARISSE LANGSTON,** ) ) ) ) ) ) ) ) | **Case No. 1:23-cv-15345**<br><br>**Hon. Steven C. Seeger** |
| Plaintiffs, ) ) ) | |
| vs. ) ) ) | |
| **RALPHS GROCERY COMPANY, d/b/a FOOD 4 LESS MIDWEST, and THE KROGER CO.,** ) ) ) | |
| Defendants. ) | |

**DEFENDANTS' UNOPPOSED MOTION TO REASSIGN AND CONSOLIDATE**

Defendants, Ralphs Grocery Company d/b/a Food 4 Less Midwest, and The Kroger Co., respectfully move pursuant to Rule 42 of the Federal Rules of Civil Procedure and Local Rule 40.4 to reassign related case *Adams v. Ralphs Grocery Company, d/b/a Food 4 Less Midwest, and The Kroger Co.*, No. 1:24-cv-01898, from Judge Charles P. Kocoras's docket to Judge Steven C. Seeger's docket to be consolidated with the instant first-filed case. In support thereof, Defendants state as follows:

1.      On October 26, 2023, Plaintiffs in the instant matter filed their Complaint, alleging violations under the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1, et seq. (ECF #1).

2.      On November 17, 2023, Defendants filed a Motion to Dismiss and Memorandum in Support, arguing that the instant matter is duplicative of an earlier-filed class action lawsuit. (ECF #9, 10).

3.      On January 24, 2024, this Court issued a Minute entry staying discovery (including initial disclosures) pending a ruling on the Motion to Dismiss. (ECF #18).

4.      On March 6, 2024, Plaintiff Latonia Adams filed her complaint in the Northern District of Illinois. (Exhibit 1).

5.      The plaintiffs in this case and the *Adams* case are all represented by the same attorneys.

6.      Northern District of Illinois Local Rule 40.2 provides for reassignment of "related" cases involving "some of the same issues of fact or law" if (1) both cases are pending in this Court; (2) the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort; (3) the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially; and (4) the cases are susceptible of disposition in a single proceeding. LR 40.4(b).

7.      Under Federal Rule of Civil Procedure 42, consolidation is appropriate when "actions before the court involve a common question of law or fact." Fed. R. Civ. P. 42.

8.      Here, reassignment and consolidation are both appropriate because the allegations in both actions arise from the plaintiffs' alleged use of finger-scanning timekeeping systems during their employment at Food 4 Less stores in Illinois.

9.      Furthermore, Plaintiffs in both actions assert identical factual and legal allegations and causes of action.

10.     The purposes of consolidation are to promote judicial economy by expediting proceedings, avoiding duplicative procedures, promoting convenience of parties and witnesses, and avoiding the danger of inconsistent adjudications. *Johnson v. Manhattan Ry. Co.*, 289 U.S. 479, 496 (1933). "The primary purpose of consolidation is to promote convenience and judicial

economy." *Estrada v. Aerovias de Mexico, S.A. de C.V.*, 2023 WL 8787794, at *2 (N.D. Ill. Dec. 19, 2023).

11.     All of these purposes would be served here, where the defendants in both actions are the same, the plaintiffs have identical claims, and litigating these two actions separately would result in duplicative proceedings.

12.     Furthermore, consolidation here would not result in delay, undue prejudice, or confusion (*Am. Photocopy Equip. Co. v. Fair (Inc.)*, 35 F.R.D. 236, 237 (N.D. Ill. 1963)); the only difference in posture between the two actions is that there is a Motion to Dismiss pending in the instant action. If consolidation were to be denied, Defendants would file a similar Motion to Dismiss in *Adams*, which would risk inconsistent rulings.

13.     Finally, the plaintiffs in both cases do not oppose consolidation.

WHEREFORE, Defendants, Ralphs Grocery Company d/b/a Food 4 Less Midwest, and The Kroger Co., respectfully request that this Court enter an order consolidating *Adams v. Ralphs Grocery Company, d/b/a Food 4 Less Midwest, and The Kroger Co.*, No. 1:24-cv-01898 with the instant matter and reassigning *Adams* from Judge Charles P. Kocoras's docket to Judge Steven C. Seeger's docket.


Date: March 21, 2024                                  Respectfully submitted,


                                                      By:  */s/Diane Webster*

                                                      Diane Webster #6284225
                                                      Richard E. Daniels #6335759
                                                      GORDON REES SCULLY MANSUKHANI,
                                                      LLP
                                                      One North Franklin Street, Suite 800

Chicago, Illinois 60606
Tel: (312) 565-1400
dwebster@grsm.com
rdaniels@grsm.com

*Counsel for Defendants Ralphs Grocery*
*Company d/b/a Food 4 Less Midwest and*
*The Kroger Co.*